JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Mike Doyle, d.o.b. February 15, 1936, appeals from his classification of being a sexual predator. For the reasons adduced below, we affirm.
{¶ 2} A review of the record on appeal indicates that appellant has been incarcerated since 1982 subsequent to his pleading guilty to one amended count of rape (R.C. 2907.02; 7 to 25 years imposed) involving a then twelve-year-old girl in Cuyahoga County Common Pleas Court, Case No. CR-169988 (see Cuyahoga App. No. 79981), and one count each of kidnapping (R.C. 2905.01; 7 to 25 years imposed) and attempted rape (R.C. 2923.02 and 2907.02; 5 to 15 years imposed) involving a then eight-year-old girl in Cuyahoga County Common Pleas Court, Case No. CR-171810 (see Cuyahoga App. No. 79982).[1]
{¶ 3} With a parole hearing pending in August of 2000, the state filed a motion on June 29, 2000 for a sexual predator classification hearing. The trial court conducted a callback hearing on May 29, 2001 to determine whether appellant should be classified as a sexual predator. See R.C. 2950.09(C). In preparation for this hearing, the court, at the request of appellant's counsel, had appellant undergo a current psychological evaluation by a member of the court's psychiatric clinic. At this sexual predator classification hearing, the court utilized copies of the following: (1) appellant's April 3, 2001 psychiatric evaluation report; (2) appellant's April, 1982 presentence evaluation report prepared with respect to his sentencing in the cases involving the two children previously mentioned; (3) appellant's February 26, 2001 institution summary report; and, (4) appellant's master file, including disciplinary record, job and log assignments, certifications, and security classification[2].
{¶ 4} At the hearing, the state relied upon the fact that appellant's two victims in the early 1980's were girls under the age of thirteen. The state also argued that the current psychiatric evaluation performed by Dr. Aronoff diagnosed appellant as being a pedophile with a medium to high risk of repeating sexual behavior with children. This psychiatric evaluation contained, in part, the following: (1) appellant appeared to be, at the least, in the low average range of intellectual functioning, see report at 7; (2) appellant exhibited adjustment disorder, personality disorder with antisocial and avoidant traits, and pedophilia, see report at 8; (3) the personality disorder was demonstrated by appellant's failure to conform to social norms with respect to lawful behaviors; lack of remorse (antisocial traits); in addition to possibly viewing himself as socially inept, unappealing, or inferior to others (avoidant traits), see report at 8; (4) the pedophilia diagnosis was based on the defendant engaged in sexual activity with a twelve-year-old female that continued for a period of almost four years, see report at 8; (5) the results of the Static-99 test indicated that appellant was a medium-high risk of re-offending, which equates for individuals who received a score similar to appellant as a 26% chance of sexually re-offending within five years, a 31% chance of re-offending within ten years, and a 36% chance of re-offending within fifteen years, see report at 8; (6) appellant has a significant sexual interest in adolescent and young females aged 8-10 years, and antisocial personality disorder, both of which significantly correlated with sexual re-offending, see report at 10; and, (7) that a 1994 psychological assessment, prepared in anticipation of a parole hearing, described appellant's participation in the Monticello Program as average with minimal progress toward treatment goals, see report at 4.
{¶ 5} The defense argued that the evidence did not demonstrate, by clear and convincing evidence, that appellant was likely to re-offend, relying on the following factors: (1) appellant was 65 years of age at the time of the hearing; (2) appellant is likely to serve the full length of his sentence and, if so, would then be released at age 71; (3) appellant is in poor health, attending the hearing in a wheelchair and using oxygen[3]; (4) appellant participated in 1990 and 1991 in a Monticello Program for sexual offenders while incarcerated, and then participated in a sex offender aftercare support group, receiving on January 4, 1993, a completion certificate for the support group activity; (5) drugs or alcohol were not involved in the commission of appellant's sexual offenses; (6) appellant did not use any threats of cruelty with his victims. Thus, appellant believed that the sexual predator classification was improper and that a lesser classification could be imposed by the trial court.
{¶ 6} The court, in its June 15, 2001 written ruling on the matter, stated, in part, the following:
{¶ 7} * * *
 {¶ 8} The Court finds from the evidence submitted that defendant was convicted or pleaded guilty to the following sexually oriented offense[s]:
 {¶ 9} 1. Rape on April 12, 1982 in Case No. 169988B
 {¶ 10} 2. Kidnapping and Attempt (sic) Rape April 12, 1982 in Case No. 171810
 {¶ 11} The Court has considered all of the evidence and all relevant factors, including those specified in R.C. § 2950.09(B)(2):
 {¶ 12} (a) The defendant's age. The defendant was born on February 15, 1936.
 {¶ 13} (b) The defendant's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses. In particular, the Court notes that the defendant was previously convicted of, pleaded guilty to or adjudged a delinquent by reason of commission of:
{¶ 14} 1. Burglary — 1958
{¶ 15} 2. Attempted Burglary — 1964
 {¶ 16} (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed. The victims in the instant cases were 12 and 8 years old.
 {¶ 17} (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims. The number of victim[s] in the instant case was:
{¶ 18} One in each case.
 {¶ 19} (e) Whether the defendant used drugs or alcohol to impair the victim[s] of the sexually oriented offense to prevent the victim[s] from resisting. Here the defendant did not.
 {¶ 20} (f) If the defendant previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or sexually oriented offense, whether the defendant participated in available programs for sexual offenders.
 {¶ 21} As noted in subparagraph (b) above, defendant's prior record includes conviction or adjudication of: See (b) above.
 {¶ 22} Defendant has not completed the sentence[s] for the prior offenses, to wit:
 {¶ 23} Defendant is eligible for parole in 2003 or 2004 in CR-169988B and CR-171810.
 {¶ 24} The following prior offenses were sex offenses or sexually oriented offenses:
{¶ 25} 1. Rape in Case No. 169988B
{¶ 26} 2. Kidnapping and Rape in Case No. 171810
 {¶ 27} The defendant participated in the following available program[s] for sexual offenders:
 {¶ 28} Monticello Program and Madison Correctional Institution and aftercare.
 {¶ 29} (g) Any mental illness or mental disability of the defendant:
 {¶ 30} Dr. Aronoff diagnosed defendant with adjustment disorder and personality disorder and pedophilia.
 {¶ 31} (h) The nature of the defendant's sexual conduct, sexual contact or interaction in a sexual context with the victim[s] of the instant sexually oriented offense and whether the sexual conduct, sexual contact or interaction in a sexual context with the victim[s] was part of a demonstrated pattern of abuse.
 {¶ 32} Note, however, that Dr. Aronoff noted that based on the Static-99 test, defendant is in a medium to high risk of recidivism for sexual offenses.
 {¶ 33} (i) Whether the defendant, during the commission of the instant sexually oriented offense displayed cruelty or made one or more threats of cruelty.
{¶ 34} None.
 {¶ 35} (j) Additional behavior characteristics that contributed to the defendant's conduct. After reviewing all of the testimony and evidence presented at the hearing, and the factors set forth above, the Court finds by clear and convincing evidence that defendant IS a sexual predator in that defendant has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. This determination was made pursuant to R.C. § 2950.09(C)(2), and is ordered to be entered on the defendant's institutional record and be attached to the offender's sentence as required by R.C. § 2950.09(C)(2). * * * (Emphasis in the original.)
{¶ 36} Appellant's appeal sub judice presents two assignments of error for review.
{¶ 37} The first assignment of error provides:
 {¶ 38} THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
{¶ 39} The following was recently stated by this court relative to a sexual predator determination:
 {¶ 40} To warrant a sexual predator classification, the State must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E) and 2950.09(B)(3).
 {¶ 41} State v. Eppinger (2001), 91 Ohio St.3d 158, 163, 743 N.E.2d 881 [emphasis in the original]. As enunciated by the Ohio Supreme Court:
 {¶ 42} Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
 {¶ 43} Id. at 164 (citation omitted). In reviewing a trial court's determination as to a sexual offender classification, we must examine the record to determine whether the evidence satisfies the requisite degree of proof. State v. Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54.
 {¶ 44} The trial court is to consider all relevant factors, including, but not necessarily limited to, those factors itemized in R.C. 2950.09(B)(2). Id., 91 Ohio St.3d at 164. The trial court labeled the defendant a sexual predator based upon several factors relating to the nature of the underlying offense. * * *
 {¶ 45} This court has previously found that the underlying offense, standing alone, does not suffice to establish the propensity of the defendant to commit future sexually oriented offenses. State v. Ward (1999), 130 Ohio App.3d 551, 720 N.E.2d 603. Although the defendant has no prior criminal record, the nature of the underlying offense may be sufficient, under certain circumstances, in finding that an individual is likely to re-offend in the future. State v. Miller (May 17, 2001), 2001 Ohio App. LEXIS 2177, Cuyahoga App. No. 78032, unreported, citing State v. Ward, 130 Ohio App.3d at 558 [other citations omitted].
{¶ 46} State v. Rivera (Apr. 11, 2002), Cuyahoga App. No. 79843, 2002 Ohio App. LEXIS 1613 at 6-7.
{¶ 47} In the present case, the trial court, using the evidence supplied to the court, in particular the current psychological evaluation report, relied upon a number of the factors contained within R.C.2950.09(B)(2) in determining by clear and convincing evidence that appellant posed a risk of re-offending sexually: (1) appellant's age of 65 [see R.C. 2950.09(B)(2)(a)]; (2) appellant's prior criminal record for all offenses [see R.C. 2950.09(B)(2)(b)]; (3) the age of the two victims being 12 and 8 years of age at the time of the offenses [see R.C.2950.09(B)(2)(c)]; (4) the involvement of multiple victims [see R.C.2950.09(B)(2)(d)]; (5) appellant completed his sentences for the prior non-sexual offense convictions, he is eligible for parole in a few years for the sexually oriented offenses for which he is presently incarcerated, and he has participated in sexual offender treatment programs while presently incarcerated [see R.C. 2950.09(B)(2)(f)]; (6) appellant was diagnosed by Dr. Aronoff shortly before the classification hearing with having adjustment disorder, personality disorder, and pedophilia [see R.C. 2950.09(B)(2)(g)]; and, (7) Dr. Aronoff opined that appellant posed a medium to high risk for re-offending sexually [see R.C.2950.09(B)(2)(h)].
{¶ 48} Based on the evidence presented, we cannot conclude that the trial court erred in determining that appellant constituted a risk of re-offending. While appellant's age and physical condition may, at first blush, lead one to infer that appellant would not have the desire or opportunity to re-offend sexually, elderly status and poor health alone does not positively preclude a person, properly motivated, from acting out one's deviant interests. While these claimed infirmities may dissuade children from approaching appellant, which is generally part of the argument used by appellant, it is also possible that some children may view these observable conditions with curiosity and be tempted to approach appellant, at which time the child may be at risk of a sexually oriented advance by him. The medical evidence does not indicate that appellant's use of a wheelchair and oxygen at the hearing was a permanent condition, or whether it was a temporary condition mandated by medical realities, or that it was a recent contrivance used to gain the sympathy of the trial court. At the time of his psychological evaluation, Dr. Aronoff did not mention the appellant as being restricted to a wheelchair and using oxygen, but did note that appellant exhibited no abnormalities in his gait or activity. The current evidence before the trial court does not indicate a permanent invalid condition, just that appellant suffers from emphysema and cardiac problems which are being medicated. Despite these physical infirmities and elderly status, appellant, according to the current psychological evaluation, continues to demonstrate antisocial disorder and pedophilia with a sexual interest toward girls under the age of ten years old, and represents a medium-high risk of re-offending.
{¶ 49} The first assignment of error is overruled.
{¶ 50} The second assignment of error provides:
 {¶ 51} APPELLANT'S CLASSIFICATION AS A SEXUAL PREDATOR MUST BE REVERSED IF THE TRIAL COURT ERRONEOUSLY BELIEVED THAT APPELLANT WOULD NOT BE SUBJECT TO REGISTRATION AND PUBLIC NOTIFICATION IN THE EVENT OF THE STATE'S FAILURE TO MEET ITS EVIDENTIARY BURDEN.
{¶ 52} In this assignment appellant argues that the trial court did not fully comprehend whether Appellant could be subjected to lesser reporting requirements if the state did not meet its burden of clear and convincing evidence that appellant was likely to re-offend sexually. See appellant's brief at 8. This hypothesis is premised on the prosecutor's argument to the trial court that the court had to classify appellant to be a sexual predator, or failing that, there could be no lesser type of sexual offender classification. See Tr. 12. Defense counsel, when confronted with this argument by the state, argued that the state was mistaken and that a lesser classification was available. See Tr. 12-13. The record is silent as to whether the trial court believed the state's argument that it was all or nothing, or the defense argument that lesser classifications were available. The court, without mentioning the availability or non-availability of lesser classifications, determined that the sexual predator classification applied to the facts of this matter. A reviewing court presumes regularity when the record is silent on a particular matter. State v. Marcus (Mar. 7, 2002), Cuyahoga App. No. 79768, 2002 Ohio App. LEXIS 922 at 2-3, fn. 1, citing State v. Johnson (1995), 107 Ohio App.3d 723, 669 N.E.2d 483. Accordingly, the record being silent on whether the court understood the classification options which were available, we presume that the court was versed in the available options and applied the law.
{¶ 53} The second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and JAMES J. SWEENEY, J., CONCUR.
[1] The sentences in Cuyahoga County Common Pleas Court Case No. CR-171810 were to run concurrently with one another, and concurrent to the sentence imposed in Cuyahoga County Common Pleas Court Case No. CR-169988.
[2] Item 4, the appellant's master file from Orient Correctional Institution, which was marked by the trial court as Exhibit B and rubber banded together due to its volume, see Tr. 5, is not included in the record provided this appellate court. Items 1 through 3 are in the appellate record.
[3] The current psychological evaluation notes, at 3, that appellant was diagnosed with emphysema in the 1970's, and that he suffers from cardiac problems, hypertension, and left carpal tunnel syndrome. He is prescribed medications for the emphysema and cardiac conditions. There is no indication in the evidence that appellant is permanently restricted to a wheelchair or oxygen. In fact, the psychological evaluation, at 6, noted that appellant had no abnormalities in gait or physical activity.